UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AJAY BAHL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:17-cv-01109-TWP-DML |
| | ) |
| NATIONAL BOARD OF OSTEOPATHIC | ) |
| MEDICAL EXAMINERS, INC., | ) |
| | ) |
| Defendant | ) |

### DEFENDANT'S STATUS REPORT

Magistrate Judge Lynch set a telephone status conference with the Court for May 23, 2017, and directed the parties to file a joint status report at least three business days before conference that describes (a) outstanding matters to complete before dispositive motion practice and trial and (b) any proposed agenda items for the conference (Dkt. 126).

Although Plaintiff has New York counsel who represented him in this action against Defendant National Board of Osteopathic Medical Examiners, Inc. (NBOME) before it was transferred to this Court, Plaintiff does not now have counsel appearing for him in this Court. Nor has Defendant's counsel had any communication from Plaintiff.

Nonetheless, Defendant's counsel contacted Plaintiff's New York counsel, Mr. Ostrove, and inquired whether he wanted to confer and discuss preparing a joint status report, but he deferred indicating that he did not believe he could participate in any way without being admitted in this Court.[1] Because Plaintiff's New York counsel is not now willing to participate, and

---

[1] Plaintiff's New York counsel did suggest that Defendant file the joint status letter filed by defendant NYIT over a year ago (Dkt. 104), prior to transfer of Plaintiff's claims to this Court. However, many of the open matters in that letter from defendant NYIT do not pertain to NBOME, and those that do will and should be covered by a CMP that is expected be filed in this case now that it is pending in this Court, tailored to Plaintiff's claims against NBOME.

Plaintiff has no legal counsel representing him in this case, Defendant is filing this separate status report regarding the limited matters set out in the Magistrate Judge's order.

(a) <u>Outstanding Matters</u>. Defendant's responsive pleading to Plaintiff's Amended Complaint is due and will be filed on or before May 24, 2017 (Dkt. 128).

Substantial fact discovery has been completed and at this time Defendant believes only limited discovery, if any, will be required before dispositive motion practice. Any discovery regarding Plaintiff's claim for monetary damages or economic losses, and expert witnesses may be postponed pending the filing and ruling on Defendant's dispositive motions. Depending on the Court's ruling on Defendant's motions, Defendant may need discovery regarding any claim by Plaintiff for monetary damages, as well any expert witness Plaintiff may call to testify at trial.

However, at this time, the only outstanding matter to be addressed before dispositive motion practice and trial (if needed) is the preparation, filing and entry of a Case Management Plan under Local Rule 16-1, modified to account for matters that have occurred to date.

(b) <u>Agenda Items</u>. Of the many Counts of Plaintiff's Amended Complaint, only about half pertain to Defendant National Board of Osteopathic Medical Examiners, Inc. In addition to denial of the allegations against it and other defenses, Defendant intends to move for judgment on the pleadings and/or for summary judgment on most if not all of Plaintiff's claims against Defendant, which Defendant expects to be ready for filing within 60 days.

(For the Court's information, Defendant notes that Plaintiff filed *pro se* with the United States District Court for the Second Circuit, and the Circuit has docketed (Case No. 17-1362), an appeal of the order of the District Court, Eastern District of New York, transferring this action against Defendant NBOME to this Court. Plaintiff also moved in the EDNY for leave to proceed

*in forma pauperis* in the Second Circuit, but the Second Circuit ordered that Plaintiff's appeal "may not move forward until the motion is determined." The EDNY has not ruled on Plaintiff's motion, or indicated if and when it intends to do so. Nonetheless, Plaintiff has not petitioned any district court for leave to file an interlocutory appeal of the transfer order, nor sought a writ of mandamus from the Second Circuit to appeal the transfer order, nor has Plaintiff filed any claim in any court alleging that Magistrate Judge Tomlinson abused the district court's discretion to enter the transfer order, or indicated if and when he intends to do so. Plaintiff's purported appeal to the Second Circuit should not delay further proceedings of his claims against Defendant in this Court. Those claims have been pending against Defendant NBOME for almost three years.)

Except for the filing and entry of a Case Management Plan, including a scheduling order for filing of Defendant's dispositive motion(s), Defendant has no other agenda item.

Date:  May 18, 2017

                                                Respectfully submitted,

                                                  s/ Sydney L Steele
                                                Sydney L Steele, Atty No. 694-49
                                                KROGER, GARDIS & REGAS, LLP
                                                111 Monument Circle, Suite 900
                                                Indianapolis, IN   46204
                                                (317) 777-7454 Direct Tel & Fax
                                                (317) 692-9000 Office Tel
                                                Email:  ssteele@kgrlaw.com
                                                ATTORNEYS FOR DEFENDANT NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC.

OF COUNSEL FOR DEFENDANT

Ellen Storch, *Pro Hac Vice*
Amanda Gurman, *Pro Hac Vice*
KAUFMAN, DOLOWICH VOLUCK
135 Crossways Park Dr., Suite 201
Woodbury, NY  11797

3

## CERTIFICATE OF SERVICE

    I hereby certify that on May 18, 2017, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          s/ Sydney L Steele