# LEEDS BROWN LAW, P.C.

One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

_____*Attorneys at Law*_____

May 18, 2017

**FILED**
MAY 19 2017
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

**Via Overnight Mail**

Hon. Debra McVicker Lynch
United States District Court
46 East Ohio Street
Indianapolis, IN 46204

    Re:   *Bahl vs. NYCOM-NYIT, et al.*
           Docket No.: 1:17-CV-01109

Dear Hon. Judge Lynch:

    By order dated May 15, 2017 (Dkt 132), this Court directed a representative from my firm to appear at a telephone conference in this matter on May 23, 2017. Pursuant to the Court's order, and with the Court's understanding that I am not admitted to practice in Indiana, I will appear on behalf of my firm. I have advised Mr. Bahl of this Court's order and he has indicated that he will participate in the call.

    Additionally, I apologize to the Court for not moving to withdraw my appearance. In this Court's ordered dated May 19, 2017, the Court stated:

> Attorneys representing Mr. Bahl and the National Board must be admitted to practice before this court in accordance with either Local Rule 83-5(b) or (c). They must act promptly to gain admission if they will continue to represent a litigant and must file an appearance. No further entries or orders will be served on attorneys who are not properly admitted to practice and have not properly appeared.

    Because the Order said that we have not "properly appeared" and indicated that our representation would not continue unless we were admitted or moved for such admission, I mistakenly thought that we did not need to move to withdraw. I apologize for my confusion and will file a motion to withdraw as counsel. Although we have informed Plaintiff of such intent, to ensure compliance with Local Rule 83-7(c)(3), today this firm provided Mr. Bahl with formal separate written notice of such intent, and will file our motion seven (7) days from now. Mr. Bahl has informed me that he will not object to our motion to withdraw.

Separately, the Court's April 19, 2017 Order sought a joint status report. Defense counsel contacted me regarding same. I am in an unusual space where I am concerned about practicing in a Court in which I am not admitted. I suggested to defense counsel that he could submit the joint status report that we had submitted to Judge Tomlinson on February 1, 2016 (Dkt 104) which described counsel's then understanding of of the action just prior to the motion to transfer. Defense counsel indicated that he had no objection to me sending said letter to this Court. Accordingly, I have attached same, which is Dkt 104. At Mr. Bahl's request, I note that he may hire new counsel, who may not want to be restricted by this joint letter which was written under different circumstances.

Finally, this Court should be aware that Plaintiff filed a *pro se* Second Circuit appeal of Judge Tomlinson's order transferring the case.

I look forward to the upcoming conference and apologize again for my confusion.

Sincerely,

LEEDS BROWN LAW, P.C.

/s/
_____
Rick Ostrove

cc: All Counsel & Ajay Bahl (via Email)

February 1, 2016

# NORTON ROSE FULBRIGHT

**VIA ECF**

Magistrate Judge A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Norton Rose Fulbright US LLP
666 Fifth Avenue, 31st Floor
New York, New York 10103-3198
United States

**Neil G. Sparber**
**Partner**
Direct line +1 212 318 3038
neil.sparber@nortonrosefulbright.com

Tel +1 212 318 3000
Fax +1 212 318 3400
nortonrosefulbright.com

Re: Ajay Bahl v. New York College of Osteopathic Medicine of New York Institute of Technology, et al., 14 Civ. 4020 (LDW)(AKT)

Dear Magistrate Judge Tomlinson:

We represent the defendant New York Institute of Technology ("NYIT"), improperly named herein as New York College of Osteopathic Medicine of New York Institute of Technology, in connection with the above-referenced action. In accordance with Your Honor's Order, dated January 21, 2016, we write on behalf of all parties with respect to the outstanding issues regarding expert discovery in this action. The parties have been working cooperatively and there are currently minimal disputes with respect to expert discovery. Following is a summary of the outstanding issues.

Plaintiff's Economic Damages Expert

Plaintiff has designated an expert, Philip H. Kanyuk of Nussbaum Yates Berg Klein & Wolpow LLP, with respect to Plaintiff's alleged economic losses. In December, Defendants requested that Plaintiff's counsel (Rick Ostrove) provide dates for the deposition of Mr. Kanyuk. Plaintiff's counsel agreed to do so. The dates Mr. Kaynuk provided that are subsequent to the upcoming court conference are February 8, 10, 12, 23, 24. Defendants also seek copies of all documents reviewed and used by the expert, as well as all non-privileged communications with him.

Dr. Paul Yellin

Plaintiff designated six treating medical providers as "Hybrid Expert Witnesses" pursuant to Federal Rule of Civil Procedure 26(a)(2)(c), including Dr. Yellin. On January 20, 2016, Defendants completed the deposition of Dr. Yellin, which lasted for a total of eight hours over the course of three days. Plaintiff's counsel seeks 2 ½ additional hours to depose Dr. Yellin. Given that Dr. Yellin is Plaintiff's own "Hybrid Expert Witness", Defendants do not believe the additional time is necessary.

In addition, Defendants previously advised the Court regarding the limited availability of Dr. Yellin, and that Dr. Yellin only agreed to attend the final session of his deposition because Defendants compensated him for his time (in the amount of $2,000). Because of these issues, Your Honor issued an Order requiring that Dr. Yellin's deposition be completed on January 20, 2016. Defendants had to streamline their examination of Dr. Yellin due to the immense amount of material to be covered (including but not limited to his 27 page report that Plaintiff submitted to Defendant NBOME to support his accommodation requests, the denial of which are at the heart of this case). Prior to the January 20, 2016 deposition, Defendants advised Plaintiff's counsel that if he intended to question Dr. Yellin,

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.                                                                 42132814.5

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Magistrate Judge Tomlinson
February 1, 2016
Page 2

NORTON ROSE FULBRIGHT

he should obtain the Court's permission to do so in advance of the deposition. Plaintiff's counsel did not do so.

Prior to the January 20, 2016 deposition, Dr. Yellin's attorney made it clear to all parties, on the deposition record, that Dr. Yellin was not willing to spend any additional time at a deposition after January 20 because of the interference with his medical practice. Nevertheless, if Plaintiff is able to convince Dr. Yellin and his attorney to attend another deposition, Defendants will attend it.

Plaintiff contends it is necessary to conduct cross examination via deposition as counsel had no time to ask any questions. Plaintiff believes that the testimony, as it stands, is incomplete. Prior to the deposition, Plaintiff advised defense counsel that he may have follow-up questions and asked defense counsel to leave some time for cross examination. Plaintiff did not raise the issue with the Court prior to the completion of defendants' questioning because Plaintiff did not know whether cross examination would be necessary until counsel heard all the testimony. Counsel did not want to bother the Court because there was the possibility that the issue would be moot. However, at the completion of defendants questioning, counsel decided that cross examination was necessary. FRCP Rule 30(c)(1) calls for "Examination and Cross-Examination" which must "proceeds as they would at trial …" Thus, cross examination is explicitly provided for in the Rule. In addition to being explicit in the Rule, fundamental fairness requires same. As to what type of witness he is (whether fact, expert or hybrid), Rule 30 makes no distinction based on the type of witness. In sum, plaintiff is entitled to cross examination and seeks a mere 2.5 hours for same. Plaintiff looks forward to discussing this issue more comprehensively at the upcoming conference.

Five Remaining "Hybrid Expert Witnesses"

Plaintiff provided Defendants with releases for the five other providers/"Hybrid Expert Witnesses," and Defendants have served each of them with a subpoena. Defendants intend to schedule their depositions as soon as possible.

Independent Medical Examination

As set forth in Your Honor's January 11, 2016 Order, Plaintiff has agreed to submit to a mental examination by NYIT's expert witness. Defendants have selected Dr. Gary Rusk for the examination. Plaintiff is currently in India and is scheduled to return on February 14 and is available for examination thereafter. NYIT is waiting for proposed dates for the examination so it can be scheduled with Dr. Rusk. Subsequent to the mental examination, Dr. Rusk will prepare an expert report which will be provided to Plaintiff's counsel.

Plaintiff's position is that pursuant to Rule 35, before the IME exam is scheduled, Plaintiff is entitled to know the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Plaintiff is confident that the parties will mutually agree on the time, but awaits the remaining information. Plaintiff was first told the doctors' name on Friday, January 29. Plaintiff wishes to know the tests that will be performed, as Plaintiff asserts a right to object, and will have to consult with a doctor about the tests before Plaintiff knows whether to object. Also, Plaintiff seeks some of the doctor's financial information, enough so he can ascertain how much money the doctor makes from legal work, how much he makes from working with any of the defense attorneys, as well as what percentage of the doctor's overall income comes from these type of examinations. Plaintiff also needs to know how much the doctor is being paid for the examination. After Plaintiff reviews the doctor's report, he may or may not need a deposition and/or a rebuttal expert.

Magistrate Judge Tomlinson
February 1, 2016
Page 3

NORTON ROSE FULBRIGHT

NYIT agrees to provide Plaintiff with the "time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." NYIT disagrees with Plaintiff's position that Plaintiff allegedly has a right to object to the psychological tests to be administered by Dr. Rusk. Plaintiff is willing to appear for the IME within two weeks of his return from India, so long as this issue can be addressed by then. With respect to Plaintiff's request for certain financial information, that information will be provided to Plaintiff in Dr. Rusk's expert report.

<u>Dr. Benjamin Lovett</u>

Defendant NBOME designated Dr. Lovett as a testifying expert regarding whether Plaintiff has any mental impairments that substantially limit any major life activities and that would prevent him from accessing either Level 2-CE or Level 2-PE of the COMLEX under standard testing conditions. NBOME served Plaintiff with Dr. Lovett's report and expert disclosure on December 3, 2015. Dr. Lovett is also serving as a consulting expert in this case, and served as a consultant to NBOME in 2013 regarding Plaintiff's requested accommodations.

Plaintiff seeks all the information required by Rule 26(2)(B), including, but not limited to all amounts paid to Dr. Lovett for his work on this matter. Plaintiff is also seeking financial information evidencing how much money he makes working with NBOME/Kaiser and what percentage of his overall income comes from work with NBOME/Kaiser. Also, counsel are working cooperatively to determine whether Dr. Lovett has additional emails to be produced. Plaintiff also seeks all the other reports that Dr. Lovett provided to NBOME/Kaiser relating to mental disability accommodations. Plaintiff may be willing to limit the scope of this request after NBOME's counsel advises how extensive Dr. Lovett's interactions were with NBOME/Kaiser. As of now, Plaintiff does not plan on deposing Dr. Lovett. But, Plaintiff wishes to reserve final decision after he obtains the above information.

NBOME disclosed Dr. Lovett's billing rate in the expert disclosure and is considering providing additional information regarding compensation for his work with NBOME on other matters. NBOME objects to Plaintiff's request for reports that Dr. Lovett drafted for other non-party individuals who sought testing accommodations from NBOME; Plaintiff rejected NBOME's request for legal authority showing that Plaintiff would be entitled to the same, arguing that the information is obviously relevant and discoverable.

According to Plaintiff, Dr. Lovett's other reports will show how many times he has recommended approving mental disability accommodation requests. If he recommended denial of every single such request, Plaintiff thinks this is highly relevant. Further, Dr. Lovett's statements in such reports may be inconsistent with what he said in regard to Bahl. Plaintiff's counsel asked NBOME's counsel to ascertain how many times Dr. Lovett wrote reports about mental disabilities; such information will help Plaintiff assess whether to narrow or abandon this request.

The parties look forward to discussing the completion of expert discovery at the conference on February 3, 2016.

Respectfully submitted,

*Neil G. Sparber* (signature)

Neil G. Sparber

cc:   Rick Ostrove, Esq. (via ECF), Ellen Storch, Esq. (via ECF), Sean O'Hara, Esq. (via ECF), Amanda Gurman, Esq. (via ECF), Sydney Steele, Esq. (via ECF)

42132814.5